IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY LETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-cv-191-MHT-JTA |
| ) | |
| DEPARTMENT OF TREASURY, ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant Department of Treasury, Internal Revenue Service's ("United States") Motion to Dismiss. (Doc. No. 17.) The United States moves to dismiss the Complaint filed by Plaintiff Rickey Lett ("Lett") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Lett filed a mostly illegible objection to the motion. (Doc. No. 20.) Additionally, Lett filed three motions for judgment on the merits. (Docs. No. 19, 22, 23.) The United States filed a reply to Lett's objection and his motions (Doc. No. 26), and Lett filed a response to the United States' reply (Doc. No. 28). Pursuant to 28 U.S.C. § 636, this cause was referred to the undersigned for consideration and disposition or recommendation as may be appropriate. (Doc. No. 5.)

For the reasons stated herein, the undersigned finds that the United States' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 17) is due to be GRANTED, United States' motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) (Doc. No. 17) is due to be DENIED as moot, and Lett's motions (Docs. No. 19, 22, 23) are due to be DENIED as moot.

## I.   BACKGROUND

On March 4, 2021, Lett, proceeding *pro se*, filed a conclusory, rambling, and mostly incoherent Complaint against the United States asserting a state law claim for fraud.[1] (Doc. No. 1.)  Lett claims that the Internal Revenue Service ("IRS") improperly refused to process his Form 1040-SR, U.S. Tax Return for Seniors for tax year 2019.  Additionally, Lett contends that the IRS, through Sherry Mueller, an IRS Operations Manager, fraudulently induced him to send his Schedule A, Itemized Deductions form to the wrong address, thereby delaying his return.[2]  (*Id.* at 2–3.)  Lett seeks monetary damages in the amount of $3.5 billion and injunctive relief.  (*Id.* at ¶ 3; *Id.* at 5, Demand for Relief.)

The United States moved to dismiss Lett's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for failure to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 17.)  The United States asserts that Lett's action is barred by sovereign immunity and, in the alternative, that Lett's Complaint does not satisfy Federal Rules of Civil Procedure 8 and 9.  (*Id.* at 2.)  Lett's objection to the United States' motion is largely indecipherable and he appears to rely on federal question jurisdiction

---

[1] Lett mentions in the Complaint that the Internal Revenue Service violated his civil rights, but the only claim listed is a claim for fraud.

[2] The United States contends that the IRS did not mislead Lett and that it sent Lett a refund for tax year 2019.  (Doc. No. 17 at 3, 5–6.)

under 28 U.S.C. § 1331.[3]  (Doc. No. 20 at 2.) ("This mean[s] that Federal District Courts have subject matter jurisdiction and [sic] if a case is based on or arises under any Federal law.")

During the pendency of the United States' Motion to Dismiss, the undersigned issued an Order cautioning Lett that failure to provide a legible response could result in the undersigned recommending dismissal of his Complaint.  (Doc. No. 21 at 1.)  Lett filed three motions for judgment on the merits requesting the court to decide his case on the merits instead of procedural grounds.  (Docs. No. 19, 22, 23.)  Notably, these motions are akin to responses in opposition to the United States' Motion to Dismiss.  The United States replied that Lett failed to heed the undersigned's warning by filing an illegible objection and asked the Court to grant its motion to dismiss.  (Doc. No. 26.)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  If a district court determines that it lacks subject matter jurisdiction, it must dismiss the case.  *See, e.g.*, *Hakki v. Dep't of Veterans Affairs*, 7 F.4th 1012, 1023 (11th Cir. 2021) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021)).  A court has an affirmative duty to "zealously [e]nsure that jurisdiction exists over a case," and this inquiry should be undertaken at the earliest possible stage in the proceedings.  *Smith v. GTE Corp.*, 236 F.3d

---

[3] Lett's Complaint, however, asserted diversity subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at ¶ 3.)

1292, 1299 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

There are two types of challenges to subject matter jurisdiction: facial and factual attacks. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). A facial attack tests the complaint to determine if, taking the plaintiff's allegations as true, it pleads facts sufficient to establish subject matter jurisdiction. *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).[4] A factual attack questions whether the complaint and the available evidence outside the pleadings prove the existence of subject matter jurisdiction. *Id.* (quoting *Menchaca*, 613 F.2d at 511). It is the plaintiff's burden to satisfy subject matter jurisdiction's requirements. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," the court will normally grant the plaintiff leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may deny leave to replead when doing so would be futile. *See id.* at 182.

Finally, the court must consider a plaintiff's *pro se* status when evaluating a complaint. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551

---

[4] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, the court does not have "license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.   DISCUSSION

As a preliminary matter, the undersigned finds that the United States has raised a facial attack to subject matter jurisdiction. The United States relies on the insufficiency of Lett's Complaint, rather than outside testimony or affidavits, in moving to dismiss under Rule 12(b)(1).[5] (*See* Doc. No. 17.) Accordingly, the Court accepts as true all allegations in Lett's Complaint for purposes of deciding the instant motion. *See Lawrence*, 919 F.2d at 1529.

Here, the Court lacks subject matter jurisdiction over Lett's fraud claim. To the extent Lett seeks monetary damages against the IRS, that claim is barred by sovereign immunity. It is well-settled that the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586 (1941). "Absent

---

[5] The United States attached a sworn declaration from IRS Agent Amy Hart to its Motion to Dismiss. (Doc. No. 17-1.) This declaration, however, is intended to support the United States' assertion that the IRS sent a refund check to Lett, and it does not serve as the foundation for the United States' challenge to subject matter jurisdiction. (Doc. No. 17 at 6–7.)

a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.,* 224 F.3d 1260, 1263 (11th Cir. 2000) (citation omitted). "The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity." *Galvez v. I.R.S.*, 448 F. App'x 880, 884 (11th Cir. 2011) (citation omitted). A court may only hear claims against the federal government that Congress has expressly permitted. *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (citing *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011)). A waiver of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34 (1992) (citation omitted).

The United States asserts that Lett brings his fraud claim under the Federal Tort Claims Act. (Doc. No. 17 at 3.) The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and its employees acting within the scope of their employment. *See* 28 U.S.C. § 2679. Although Lett does not mention the FTCA in his Complaint, he does list many torts therein and even provides a definition of "tort." (Doc. No. 1 at 6-10.) Nonetheless, to the extent Lett's Complaint can be liberally construed as alleging a fraud claim under the FTCA, the express language of the FTCA prohibits suits related to "any claim arising in respect of the assessment or collection of any tax." *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) (quoting 28 U.S.C. § 2680(c)). Hence, the FTCA does not support a waiver of sovereign immunity for Lett's fraud claim.

6

Furthermore, Lett has not carried his burden. "[T]he plaintiff bears the burden of establishing subject matter jurisdiction . . . and, thus, must prove an explicit waiver of immunity."). *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) (citations omitted). Lett has not alleged an explicit waiver of sovereign immunity nor alleged any facts that would support a waiver here. Because Lett has not shown a waiver of the United States' sovereign immunity, the Court lacks subject matter jurisdiction over Lett's fraud claim against the IRS for monetary damages.

Although his Complaint is not a model of clarity, Lett appears to seek injunctive relief in his demand for relief. (*See* Doc. No. 1 at 5) (". . . Plaintiff seeks . . . injunctive relief . . .). To the extent Lett seeks injunctive relief, such a claim is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421.[6] *See Taliaferro v. Freeman*, 595 F. App'x 961, 962 (11th Cir. 2014) (per curiam) (quoting *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981)) ("The Act bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS activities 'which are intended to or may culminate in the assessment or collection of taxes.' "); *Hobson v. Fischbeck*, 758 F.2d 579, 580 (11th Cir. 1985) (per curiam) (finding that district court lacked jurisdiction to enter an "order enjoining the IRS from investigating and perhaps prosecuting [plaintiff] for federal income tax evasion"). The Court thus lacks subject matter jurisdiction over Lett's fraud claim against the IRS for injunctive relief.

---

[6] Notably, the United States does not address injunctive relief in its motion to dismiss. However, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted).

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman*, 371 U.S. at 182, leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the undersigned concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction.

Consequently, Lett's action should be dismissed without prejudice for lack of subject matter jurisdiction. *Kennedy*, 998 F.3d at 1235 ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (quoting *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The United States' Motion to Dismiss Lett's Complaint under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 17) be GRANTED.

2. The United States' Motion to Dismiss Lett's Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 17) be DENIED as moot.

3. Lett's Motions for Judgment on the Merits (Docs. No. 19, 22, 23) be DENIED as moot.

4. This case be DISMISSED without prejudice.

It is further ORDERED that by **August 29, 2022**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive[] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of August, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE